UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLEA E. ELLIS JONES,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. CIV-20-1263-P |
| ) | |
| KILOLO KIJAKAZI,   ) | |
| Acting Commissioner of the   ) | |
| Social Security Administration,   ) | |
| ) | |
| Defendant.   ) | |

## **ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. Section 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. <u>Administrative History and Final Agency Decision</u>

Plaintiff protectively filed her application for DIB on October 11, 2016. AR 12. Plaintiff alleged she became disabled on October 1, 2016. *Id.* The Social Security Administration denied Plaintiff's applications on September 26, 2018, and on reconsideration on March 21, 2019. *Id.*

1

Plaintiff appeared with counsel and testified during an administrative hearing conducted before an Administrative Law Judge ("ALJ") on December 19, 2019. AR 27-55. A vocational expert ("VE") also testified. AR 51-54. On March 25, 2020, the ALJ issued an unfavorable decision finding Plaintiff was not disabled within the meaning of the Social Security Act from October 11, 2016 through the date of the decision. AR 9-21.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2016, the alleged onset date. AR 14. At the second step, the ALJ found Plaintiff had the following severe impairments: "obesity, diabetes mellitus, degenerative disc disease status post cervical and lumbar fusions, asthma, restless leg syndrome, carpal tunnel syndrome, osteoarthritis of the hands, and hypertension." *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 16.

At step four, the ALJ found, relevant to this appeal, Plaintiff's residual functional capacity ("RFC") limited her to only frequent handling and fingering. AR 17. At step five, the ALJ, relying on the VE's testimony, determined Plaintiff could perform her past relevant work as a payroll clerk and an administrative clerk. AR 20. As a result, the ALJ concluded Plaintiff had not been under a disability, as

defined by the Social Security Act, from October 1, 2016 through the date of the decision. AR 20-21.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Issue Raised

On appeal, Plaintiff contends the ALJ erred by not considering the October 2018 x-rays of her hands. Doc. No. 19 ("Op. Br.") at 5-12.

III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets

omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV. Analysis

As an initial matter, the Court notes that, although not explicitly stated, Plaintiff's primary issue on appeal is related to the ALJ's evaluation of her subjective symptoms. Plaintiff contends that, contrary to the RFC, she is unable to use her hands to frequently handle or finger due to her conditions of osteoarthritis and carpal tunnel syndrome. In so arguing, Plaintiff relies on the October 2018 x-rays of her hands that she contends the ALJ did not consider and that she further contends supports her subjective reports indicating she is unable to use her hands to frequently handle or finger. Thus, Defendant's contention that Plaintiff waived any review of the ALJ's decision with regard to her subjective symptoms, *see* Doc. No. 24 at 11, is without merit.

This Court's review of the ALJ's consideration of Plaintiff's subjective complaints is guided by two principles. First, such "determinations are peculiarly

the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Second, "findings as to [subjective reports] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (additional alteration omitted).

> With regard to Plaintiff's hands, the ALJ explained the following:
>
> The claimant has [] been diagnosed with carpal tunnel syndrome in both hands, including the presence of Tinel's sign, and with osteoarthritis of both hands. The claimant describes the pain being mainly in her thumbs, and worse with activity. She testified at [the] hearing that her hand will shake involuntarily. The consultative examiner noted that the claimant would refuse [] an EMG, and so could not have this condition treated.
>
> Because of the carpal tunnel syndrome and osteoarthritis in her hands, the claimant is limited to frequently handling and fingering.
>
> . . . .
>
> As for the opinion evidence, the state-level medical examiners found that the claimant was limited to work at the light exertional level. Regarding the limitations to light work, these opinions are given great weight. The medical evaluators strongly support their opinions with references to the record, which supports the assigned limitations. While the state-level examiners did not opine any postural or manipulative limitations, the undersigned allows the claimant the benefit of the doubt in assigning these limitations.

AR 19 (citations omitted).

Plaintiff argues that in reaching these conclusions, the ALJ did not consider her October 2018 hand x-rays as evidenced by the fact that he did not directly mention them in his decision. The subject x-rays showed the following:

> RIGHT HAND: Severe joint space narrowing, subchondral sclerosis and osteophyte formation of the triscaphe and trapeziometacarpal joints. There is also mild degenerative changes of the proximal interphalangeal joints. No evidence of fracture or dislocation.
>
> LEFT HAND: No radiographic evidence of fracture or dislocation. Mild joint space narrowing, subchondral sclerosis and osteophyte formation of the triscaphe and trapeziometacarpal joints. Mild negative ulnar variance.

AR 394. Plaintiff states that these x-rays are the only laboratory findings concerning her hand impairments and are therefore probative. Op. Br. at 8. She also contends that not only did the ALJ not directly reference it but that none of the physician visits to which the ALJ referred mentioned it either. *Id.* at 7. However, this latter assertion is simply inaccurate.

In his decision, the ALJ noted Plaintiff had been diagnosed with carpal tunnel syndrome in both hands, including the presence of Tinel's sign and with osteoarthritis of both hands. AR 19. In so doing, the ALJ cited to various portions of the record, including treatment notes from the Choctaw Nation Durant Clinic. *Id.* (citing AR 373, 381, 386, 389, 423, 424). In one of those records, the medical professional ordered Plaintiff's October 2018 x-rays and later noted that Plaintiff

was notified of the results of the same, specifically, that said x-rays "show degenerative changes." AR 381.

More importantly, the ALJ relied on various medical opinions within the medical record in determining Plaintiff's RFC. The state agency medical consultant, Dr. Carla Werner, reviewed the 2018 x-rays, along with the remainder of the record, and concluded Plaintiff had no manipulative limitations. AR 76, 83-84. In his decision, the ALJ specifically noted that the state agency medical examiners did not opine any manipulative limitations, but he gave Plaintiff the benefit of the doubt in assigning a limitation of only frequent fingering and handling. AR 19.

Thus, while the ALJ did not directly discuss the October 2018 x-rays, he relied, *inter alia,* on Dr. Werner's opinion who did specifically review these x-rays among the remainder of the record. As Defendant notes, the x-rays were clearly not ignored. Moreover, the ALJ assigned a greater limitation than Dr. Werner prescribed. AR 17, 19.

Medical imaging, including x-rays, do not mandate specific work-related limitations but are considered in the context of a plaintiff's medical records to derive an applicable RFC. It is the ALJ's duty to determine a plaintiff's RFC based on the record as a whole. *Terwilliger v. Comm'r, Soc. Sec'y Admin.*, 801 F. App'x 614, 628 (10th Cir. 2020). Here, the ALJ considered Plaintiff's subjective reports, the medical evidence pertaining to the same, the consultative examinations indicating that she

had normal hand skills in spite of her carpal tunnel syndrome and osteoarthritis, and the medical opinions of record. AR 18-19, 69-70, 83-84, 286. In spite of the fact that the record does not include any medical opinions supporting a finding that Plaintiff suffers from manipulative limitations, the ALJ assigned the same in the RFC. AR 17.

The ALJ clearly considered the appropriate factors in evaluating Plaintiff's subjective reports. Thus, the Court finds no grounds for reversal in the ALJ's assessment of Plaintiff's subjective reports. It is well established that an ALJ may assign a greater limitation than a medical opinion opines. *Terwilliger*, 801 F. App'x at 628 n.9 ("'[W]e are aware of no controlling authority holding that the full adverse force of a medical opinion cannot be moderated favorably' to the claimant. *Chapo [v. Astrue]*, 682 F.3d [1285,] 1288 [(10th Cir. 2012)]. Indeed, 'if a medical opinion adverse to the claimant has properly been given substantial weight, the ALJ does not commit reversible error by electing to temper its extremes for the claimant's benefit.' *Id.*"). Plaintiff's argument that the ALJ erred by not going further in giving her the benefit of the doubt and assigning an even greater limitation than those noted by the medical opinions and consultative examination of record is without merit.

V. Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this   17th   day of December, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE